[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14655
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-20388-JAL-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DORIAN ALEJANDRO MENCO DELGADO,
a.k.a. Sargento,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 6, 2016)

Before HULL, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Dorian Alejandro Menco Delgado, through counsel, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the United States Sentencing Guidelines.  The district court did not expressly resolve whether Delgado was eligible for a sentence reduction based on Amendment 782, but instead determined that it would exercise its discretion not to reduce his sentence even if he was eligible.  On appeal, Delgado argues that the district court erred by failing to calculate his amended guideline, so as to determine his eligibility for a reduction, then abused its discretion by applying an improper standard in refusing to reduce Delgado's sentence.  After careful review, we affirm.

## I.

Delgado pled guilty to conspiring to import cocaine into the United States, in violation of 21 U.S.C. § 963.  In a factual proffer executed with the plea agreement, Delgado admitted that he was part of an organization that imported cocaine from Colombia into the United States.  He also agreed that he used his position as a Colombian police officer to assist these drug-trafficking activities. Delgado stipulated that the offense involved at least 150 kilograms of cocaine.

In anticipation of sentencing, a probation officer prepared a presentence investigation report ("PSR") using the 2012 Sentencing Guidelines.  According to the PSR, the conspiracy as a whole involved approximately 13,000 kilograms of

2

cocaine.  Delgado was held responsible for 150 kilograms or more of cocaine, which corresponded with a base offense level of 38, the highest base offense level at the time under the drug-quantity table, U.S.S.G. § 2D1.1(c).  But, because Delgado received a two-level mitigating-role adjustment, he also received a four-level reduction in his base offense level under U.S.S.G. § 2D1.1(a)(5)(B)(iii) ("if (A) the defendant receives an adjustment under § 3B1.2 (Mitigating Role); and (B) the base offense level under [the drug-quantity table] is . . . level 38, decrease by 4 levels").  Accordingly, Delgado's base offense level was 34.

After incorporating reductions for Delgado's mitigating role, the safety valve, and his acceptance of responsibility, and an increase for abuse of a position of trust, the court determined that Delgado's total offense level was 29.  With no criminal history, Delgado was placed into criminal history category I, resulting in an advisory guideline range of 87 to 108 months of imprisonment.[1]

At sentencing, the government represented that Delgado was involved in the conspiracy, which ran from October 2010 to June 2011, for "at least half of the time."  The government also noted that Delgado used his police badge in some acts to further the conspiracy.  Ultimately, the district court sentenced Delgado to 87 months in prison, the lowest point of his guideline range.  In arriving at that

---

[1] Because Delgado met the criteria for the safety valve, *see* U.S.S.G. § 5C1.2 & 18 U.S.C. § 3553(f), the court was able to sentence him within the applicable guideline range and without regard to the statutory minimum sentence of ten years' imprisonment.

sentence, the court considered the 18 U.S.C. § 3553(a) sentencing factors, including the "very serious" nature of the offense conduct, the fact that Delgado abused his position as a police officer, even if he otherwise had a minor role, and his co-conspirators' sentences and their respective levels of culpability. The court noted that, absent a "push" from both parties, it likely would not have applied the minor-role reduction because Delgado used his position as a police officer in furtherance of the conspiracy. In a statement of reasons filed with the judgment, the court noted that it had adopted the PSR without change.

In 2015, Delgado, proceeding *pro se*, filed the instant § 3582(c)(2) motion for a sentence reduction based on Amendment 782, which retroactively amended the drug-quantity table in U.S.S.G. § 2D1.1(c). The government opposed the motion, arguing that Amendment 782 did not have the effect of lowering his base offense level. According to the government, undisputed facts in the PSR established Delgado's responsibility for a drug quantity in excess of 450 kilograms of cocaine, a quantity that would keep his base offense level the same even after Amendment 782.

Subsequently, the district court appointed Delgado counsel, who filed a memorandum arguing that the government bore the burden of establishing drug quantity and that the court did not make any specific findings about Delgado's responsibility for the total 13,000 kilogram amount. Rather, the court found that

4

Delgado was responsible for 150 kilograms or more of cocaine, an amount consistent with a lower base offense level under Amendment 782. Delgado requested a sentence at the low end of the range that would have applied if Amendment 782 lowered his guideline range.[2]

The district court denied Delgado's § 3582(c)(2) motion. The court stated that it had considered Delgado's motion, the policy statement in U.S.S.G. § 1B1.10, and the sentencing factors in 18 U.S.C. § 3553(a). The court found that Delgado's 87-month sentence, at the low end of the guideline range and below the 10-year mandatory minimum, was a "reasonable" sentence for his involvement in a conspiracy to import in excess of 150 kilograms of cocaine. Further, the court stated, "His role as a Columbian National Police Officer to provide protection for drug importations in excess of 150 kilograms admitted at the time of sentencing also dictates that the Court deny the motion to reduce whether the offense level were to be 38 for 450 kilograms or 36 for 150 kilograms." Delgado now appeals.

## II.

We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). *United States v. Jones*, 548 F.3d 1366,

---

[2] Assuming that Amendment 782 lowered Delgado's guideline range, his initial base offense level under the drug-quantity table would have dropped by two levels (from 38 to 36), but, due to the operation of another guideline, his total offense level would have dropped by just one level (from 29 to 28). *See* U.S.S.G. § 2D1.1(a)(5)(B)(iii) (stating that a four-level reduction for a mitigating role applies if the base offense level is 38, while a three-level reduction applies if the base offense level is 36). As a result, his amended guideline range would have been 78 to 97 months of imprisonment.

1368 (11th Cir. 2008). We review for abuse of discretion a district court's decision whether to reduce a sentence based on a subsequent change in the Sentencing Guidelines. *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009).

In considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000); *see also Dillon v. United States*, 560 U.S. 817, 826-27, 130 S. Ct. 2683, 2691-92 (2010). First, the court must recalculate the applicable guideline range by substituting only the amended guideline for the one originally used. *Bravo*, 203 F.3d at 780; *see* U.S.S.G. § 1B1.10(b)(1). A sentence reduction is not authorized unless the defendant's sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Therefore, if an Amendment does not have the effect of lowering a defendant's guideline range, the court may not reduce the sentence. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2014); U.S.S.G. § 1B1.10(a)(2)(B).

Second, if a defendant is eligible for a sentence reduction, the district court must decide whether to exercise its discretion to reduce the defendant's original sentence. *Bravo*, 203 F.3d at 781. In evaluating whether and to what extent a sentence reduction is warranted, the court "must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and may consider the defendant's post-sentencing conduct." *Williams*, 557 F.3d at 1256;

6

*see* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n.1(B).  The district court is not required to discuss each § 3553(a) factor as long as the record as a whole demonstrates that the pertinent factors were taken into account.[3]  *Hamilton*, 715 F.3d at 338; *Williams*, 557 F.3d at 1256.

Here, the district court procedurally erred by failing to first address Delgado's eligibility for a sentence reduction.  The first step in the two-part analysis is not discretionary.  As we stated in *Bravo*, "a district court *must* engage in a two-part analysis" in ruling on a § 3582(c)(2) motion and first "*must* recalculate the sentence under the amended guidelines[.]"  203 F.3d at 780 (emphasis added).  Likewise, in *Williams*, we explained that a "district court *must* undertake this two-step analysis," even though "its decision whether to reduce the defendant's sentence, and to what extent, remains discretionary."  *Williams*, 557 F.3d at 1257 (emphasis added).  These statements are also consistent with the general rule that the district court must calculate the applicable guideline range before sentencing a defendant.  *Gall v. United States*, 552 U.S. 38, 50-51, 128 S. Ct. 586, 596-97 (2007) ("a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," and the failure to do so is a "significant procedural error").  Accordingly, the district court should have first

---

[3] The § 3553(a) sentencing factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public.  18 U.S.C. § 3553(a)(1)–(2), (4).

recalculated Delgado's sentence under Amendment 782. *See Bravo*, 203 F.3d at 780.

This Court's decision in *Hamilton* spells out the process district courts should follow in addressing § 3582(c)(2) motions where the court's original drug-quantity finding is indeterminate, such as "150 kilograms or more of cocaine," and consistent with multiple base offense levels due to an amendment. *See* 715 F.3d at 340-41. In these circumstances, *Hamilton* directs courts to first determine what findings the court made as to a defendant's drug quantity at the original sentencing. *Id.* at 340. That may resolve the matter, but if the original findings are inconclusive, the court should review the record—as it existed at the time of the original sentencing—to determine if it can make a drug-quantity finding that is consistent with its original sentencing determinations. *Id.* If the court is unable to determine drug quantity with enough specificity to decide whether an amendment lowered the defendant's guideline range, the defendant is ineligible for § 3582(c)(2) relief.[4] *Id.* at 340-41.

Notwithstanding, we are unable to conclude that the district court's error was anything other than harmless under the circumstances. An error is harmless if it will not affect the outcome of the case. *United States v. Robles*, 408 F.3d 1324,

---

[4] Because we affirm the district court on other grounds, we find it unnecessary to address Delgado's contention that *Hamilton*'s placement of the burden on the defendant to prove drug quantity in a § 3582(c)(2) proceeding is non-binding *dicta*.

8

1328 (11th Cir. 2005); *see* Fed. R. Civ. P. 52(a). Here, the district court's order makes clear that the court's error had no effect on the outcome of the case. The court stated that it would deny the motion to reduce "whether the offense level were to be 38 for 450 kilograms or 36 for 150 kilograms." Remand in these circumstances is unnecessary. *Cf. United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006) (applying similar principles to guideline calculations errors). Either no reduction is authorized because Delgado is ineligible for relief, or, if he is eligible for relief, the district court has told us what sentence it would impose under the amended guideline range. Accordingly, the error is harmless.

The question now is whether the district court abused its discretion in refusing to reduce Delgado's sentence, assuming, of course, that he was eligible for a reduction. We note at the outset that district courts are not required to reduce the sentence of an eligible defendant under § 3582(c)(2). *See Williams*, 557 F.3d at 1257 ("[The court's] decision whether to reduce the defendant's sentence, and to what extent, remains discretionary."). Furthermore, "the abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *United States v. Drury*, 396 F.3d 1303, 1315 (11th Cir. 2005) (quotation marks omitted).

Here, the record as a whole demonstrates the district court adequately addressed the § 3553(a) factors and provided sufficient reasons for its decision to

9

deny Delgado's § 3582(c)(2) motion. *See Hamilton*, 715 F.3d at 338; *Williams*, 557 F.3d at 1256. The court stated that it had considered the policy statement in U.S.S.G. § 1B1.10, the sentencing factors in § 3553(a), and Delgado's motion, which included a discussion of the § 3553(a) factors. The court then provided brief details about the nature of the offense, a large-scale cocaine conspiracy, and Delgado's role in that conspiracy. The court's order is sufficient to show that it considered the § 3553(a) factors and had a reasoned basis for denying the § 3582(c)(2) motion. *See United States v. Eggersdorf*, 126 F.3d 1318, 1322-23 (11th Cir. 1997) (finding that the district court's short order, referencing the government's brief that enumerated specific elements relevant to a § 3553(a) inquiry, provided sufficient reasons for the court's discretionary denial of a § 3582(c)(2) motion).

We disagree with Delgado's claim that the court inappropriately deferred to its own prior sentence by reviewing it for "reasonableness," which is a deferential appellate standard of review. In context, it appears that the court was referring to its evaluation and consideration of the § 3553(a) factors. In any case, the critical fact that "dictate[d]" the denial of the motion, according to the court, was Delgado's abuse of his position as a Colombian police officer to assist the drug-trafficking enterprise, not any deference that the court may have afforded to its

10

prior sentence. Accordingly, Delgado has not shown that the district court abused its discretion, to the extent it had any, in denying him a sentence reduction.

### III.

The district court procedurally erred by failing to address whether Amendment 782 lowered Delgado's guideline range and made him eligible for relief under § 3582(c)(2). Nonetheless, the court's error is harmless under the circumstances, and the court did not abuse its discretion by refusing to reduce Delgado's sentence based on the assumption that he was eligible.

**AFFIRMED.**